UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ADAM SHANE SWINDLE                                              PETITIONER

V.                                         CIVIL ACTION NO. 3:24-CV-831-DPJ-ASH

BARRY WINGFIELD, et al.                                        RESPONDENTS

ORDER

Pro se Petitioner Adam Shane Swindle, who is incarcerated at the Federal Correctional

Complex (FCC) in Yazoo City, Mississippi, brings this Petition for Writ of Habeas Corpus under

28 U.S.C. § 2241.   After reviewing Swindle's Petition [1] and the relevant legal authority, the

Court finds that the Petition should be dismissed.

I.      Petition

Swindle advances three grounds for habeas relief: (1) "Petitioner was uneducated and

unaware of procedural due process or his ability and options to assert his rights," Pet. [1] at 3;

(2) "Petitioner lacked knowledge and understanding of the full range of his Due Process right

and abilities to Object, Rebutt and Assert his rights," *id*. at 4 (unaltered); and (3) "While

confined Petitioner's rights were deprived him, having suffered injuries-in-fact, and reserves the

right to serve punitive time free from Cruel and Unusual Punishment," *id*. (unaltered).   As relief,

he asks "to be released from unlawful confinement," *id*. at 1, and "relief totalling in the amount

of $16.5 Million after taxes are assessed of award," *id*. at 50 (unaltered).

As explained below, because Grounds One and Two assert reasons that his conviction

and sentence are invalid, *see id*. at 4–9, those grounds are accepted for what they are—challenges

to his conviction and sentence.   Ground Three relates to the conditions of his confinement at

FCC Yazoo City and is not habeas in nature.   *See Solsona v. Warden, F.C.I.*, 821 F.2d 1129,

1132 n.1 (5th Cir. 1987) (finding that federal courts may construe and recharacterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint").   All three are due to be dismissed.

II.    Background

    A.    Conviction

On October 20, 2015, Swindle pleaded guilty in the United States District Court for the Northern District of Alabama to receipt and possession of child pornography.   Pet. [1] at 16; *see also United States v. Swindle*, No. 7:15-CR-247 (N.D. Ala. Mar. 1, 2016), J. [29] at 1.   As a result, Swindle is serving a term of 168 months in prison.   Pet. [1] at 16.   Swindle filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit that he later voluntarily dismissed.   *Swindle*, No. 7:15-CR-247, Entry of Dismissal [41] at 1.

    B.    Section 2255 Motions to Vacate

After dismissing his appeal, Swindle filed at least three motions to vacate under 28 U.S.C. § 2255.   He filed his first § 2255 motion on May 1, 2017, asserting that his counsel was ineffective "for failing to object to and allowing Swindle to enter a plea of guilty to an insufficient factual basis" and "for allowing Swindle to enter his plea of guilty unknowingly and involuntarily."   *Swindle v. United States*, No. 7:17-CV-8017-LSC ("*Swindle I*") (N.D. Ala.) Op. [4] at 3–4; *see Swindle I* Pet. [1] at 4.   The sentencing court denied the motion, finding that "defense counsel was not ineffective for failing to object to the factual basis and allowing Swindle to plead guilty pursuant to the plea agreement."   *Swindle I* Op. [4] at 8.   Nor was defense counsel ineffective "[b]ecause Swindle's claim that his plea was not knowing and voluntary is refuted by the record."   *Id*. at 11.   Swindle filed a notice of appeal, *Swindle I* Not. [6], but the Eleventh Circuit denied a certificate of appealability, *Swindle I* USCA Ord. [13].

*See Swindle v. United States*, No. 17-15234-E, 2018 WL 6324758, at *2 (11th Cir. May 10, 2018).

Swindle filed his second § 2255 motion on September 23, 2021.  *Swindle v. United States*, No. 7:21-CV-8023-LSD ("*Swindle II*") (N.D. Ala.).   The court dismissed the motion because "[w]ithout the Eleventh's Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion."   *Swindle II* Op. [7] at 3 (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).

Swindle then filed his third § 2255 motion on August 3, 2022.   *Swindle v. United States*, No. 7:22-cv-8029-LSC ("*Swindle III*") (N.D. Ala.).   Once again, the court dismissed the motion for lack of jurisdiction because Swindle failed to receive authorization from the Eleventh Circuit to file his second or successive § 2255 motion.   *Swindle III* Op. [11] at 3.   Swindle filed a notice of appeal on July 10, 2023.   *Swindle III* Not. [15].   And on September 1, 2023, the Eleventh Circuit granted his motion to voluntarily dismiss that appeal.   *Swindle v. United States*, No. 23-12290-J, Ord. [10] (11th Cir. Sept. 1, 2023).   The present motion under § 2241 seems to overlap with his failed § 2255 motions.

III.    Analysis

Swindle's motion includes 52 pages of legal jargon and supposition, much of which is simply incorrect or misconstrued.   For example, he argues that the "U.S. failed to enter into evidence on the record of a contract or obligation Petitioner failed to fulfill, prioritizing their obligation to their corporate charter and that U.S. failed to state a claim which [it] is entitled to relief."   Pet. [1] at 5 (unaltered).   This Order focuses on the most cogent statements supporting his three grounds for relief.   The Court has, however, reviewed everything Swindle asserted and has concluded that none of it entitles him to relief.

3

As noted, Swindle seeks release from prison as to Grounds One and Two and monetary damages for Ground Three.   "[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit under *Bivens v. Six Unknown Named Agents of Fed[eral] Bureau of Narcotics*, 403 U.S. 388 . . . (1971), is the 'proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'"   *Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) (quoting *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)).   "The 'bright-line rule' [the Fifth Circuit] has adopted is that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit."   *Melot*, 970 F.3d at 599.   For these reasons, the Court examines Grounds One and Two under § 2241 and Ground Three under *Bivens*.

A.    Grounds One and Two

In Ground One, Swindle argues that his due-process rights were violated.   Among other theories—and though somewhat unclear—he seems to say he did not "knowingly, willingly, or intentionally enter into" his plea agreement.   Pet. [1] at 3.   Swindle also claims there was no proof or evidence of the criminal charges that resulted in his conviction and no proof of damages.   *Id*.   In Ground Two, he explains that he "lacked knowledge and understanding of the full range of his Due Process right and abilities to Object, Rebutt and Assert his rights."   *Id*. at 4 (unaltered).   As a result, he believes his constitutional rights were violated.   *Id*.

Section 2255 "provides the primary means of collaterally attacking a federal sentence" and "is the appropriate remedy for errors that occurred at or prior to the sentence."   *Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005) (internal quotation marks and citations omitted); *see Jones v. Hendrix*, 599 U.S. 465, 479 (2023) (noting that Congress determined "the sentencing court, not the District Court for the district of confinement, is the best venue for a

federal prisoner's collateral attack on his sentence.").

By contrast, a habeas corpus petition under § 2241 "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration [] and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Thus, these claims would normally fall under § 2255.

There is, however, a limited exception to that rule, which Swindle says he meets. A federal prisoner "may seek postconviction relief through a § 2241 petition instead of a § 2255 motion" under the "so-called 'saving clause' of § 2255(e)." *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022). When a federal prisoner can show that "a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,'" § 2241 may provide recourse. *Id*. (quoting 28 U.S.C. § 2255(e)). The inadequate-or-ineffective requirement is met "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones*, 599 U.S. at 478. Swindle has the burden of making that showing. *Hammoud*, 49 F.4th at 880; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Swindle says § 2255 is ineffective "because it does not address any Actual Innocent Claims" and he "did not have any opportunity to present his Actual Innocence Claim beforehand." Pet. [1] at 14–15. He describes his actual-innocence claim as "Actual/Factual Innocence, not Statutory." *Id*. at 14.

That argument fails to meet Swindle's burden because he has already filed three motions under § 2255. To file another, he must present:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).   Thus, if he has new evidence of actual innocence, then he should seek leave to file a successive petition in the Eleventh Circuit.

If Swindle doesn't have that evidence, then "[a] prior unsuccessful § 2255 motion or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective."   *Royston v. Warden, FCC Beaumont Medium*, No. 1:25-CV-64, 2025 WL 1770827, at *1 (E.D. Tex. June 25, 2025) (citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

Despite that rule, Swindle argues that motions asserting actual innocence need not satisfy § 2255(h).   He explains this best in his Motion to Amend, observing that the Fifth Circuit recognized a possible actual-innocence gateway to the savings clause in *Pack*. Mot. to Amend [2] at 2.   As he notes, the court did state in *Pack* that "there are opinions in other circuits also indicating that a prisoner barred from filing a second or successive section 2255 motion may be able to challenge his conviction via section 2241 if he makes a 'valid claim of actual innocence.'"   218 F.3d at 453 (citing *Cooper v. United States*, 199 F.3d 898, 901 (7th Cir.1999); *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999)).   But these cases acknowledge the possibility of invoking § 2241 only "under certain circumstances," *Charles*, 180 F.3d at 757, and Swindle's circumstances are distinguishable.   Moreover, those cases were all decided before the Supreme Court decided *Jones*, which abrogated authority *Cooper* and *Charles* rely on.   *See Jones*, 599 U.S. at 477 (abrogating *In re Davenport*, 147 F.3d 605, 609–611 (7th Cir. 1998)).

Swindle acknowledges *Jones* but tries to distinguish the Supreme Court's holding saying that "Jones did not apply Actual Innocence." Mot. to Amend [2] at 2 (unaltered). That's not entirely true. Before *Jones*, "[m]any courts, including the United States Court of Appeals for the Fifth Circuit, interpreted the savings clause provision of § 2255 to permit prisoners to proceed under § 2241 with certain actual-innocence claims based on new cases of statutory interpretation." *Smith v. Peters*, No. 3:23-CV-143-TSL-MTP, 2023 WL 8936776, at *2 (S.D. Miss. Nov. 27, 2023), *report and recommendation adopted*, 2023 WL 8934656 (S.D. Miss. Dec. 27, 2023) (citing *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001)). *Jones* rejected that theory:

> Section 2255(h) specifics the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

599 U.S. at 480.

While the petitioner in *Jones* may not have asserted actual innocence, the Court's analysis addressed it. The Court noted that in one of its earlier opinions, it had allowed actual-innocence claims to proceed under § 2241 as an equitable override to a statute of limitations. *Id.* at 491 (citing *McQuiggin v. Perkins*, 569 U. S. 383, 386 (2013)). But it contrasted the statute of limitations in *McQuiggin* to cases seeking to avoid "AEDPA's second-or-successive restrictions." *Id.* Based on that analysis, the Fifth Circuit held that "the Supreme Court in *Jones* rejected an argument that the savings clause was subject to an equitable exception for actual innocence because Congress had not made a clear statement otherwise." *Moore v. United States*, No. 23-30822, 2024 WL 5244553, at *1 (5th Cir. Dec. 30., 2024). Other Fifth Circuit cases have rejected actual-innocence arguments for invoking § 2255's savings clause. *See, e.g.*,

7

*Hart v. Daniels*, No. 23-40639, 2024 WL 3912953, at *1 (5th Cir. Aug. 23, 2024), *cert. denied*,

145 S. Ct. 1476, 221 L. Ed. 2d 587 (2025).

In sum, Swindle has not shown that "unusual circumstances make it impossible or

impracticable to seek relief in the sentencing court."    *Jones*, 599 U.S. at 478.    Thus, this Court

lacks jurisdiction over Grounds One and Two.    *See Christopher v. Miles*, 342 F.3d 378, 379,

385 (5th Cir. 2003) (directing district court to dismiss § 2241 petition for lack of jurisdiction

when a petitioner fails to meet the saving clause).

B.    Ground Three

Swindle's third ground relates to his conditions of confinement while housed at FCC

Yazoo City—specifically a claim that the Bureau of Prisons (BOP) Corrections Officers failed to

protect him from being assaulted by another inmate.    Pet. [1] at 4.    Because Swindle's third

ground asserts unconstitutional conditions-of-confinement claims and a "favorable determination

. . . would not automatically entitle him to accelerated release, . . . the proper vehicle is a civil

rights suit."    *Maxwell,* 133 F.4th at 454 (quoting *Melot*, 970 F.3d at 599).    Ground Three will be

dismissed without prejudice.    *See Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir.

June 8, 2010) (holding "district court correctly dismissed [§ 2241] claims without prejudice

based on a determination that [Plaintiff] must seek . . . remedies [for alleged unconstitutional

conditions of confinement] in a civil rights action").[1]

---

[1] The Court will not automatically open a new civil action for Swindle's possible conditions-of-
confinement claims based on the current pleadings.    "[A] prisoner's non-habeas corpus civil
action is subject to the requirements of the Prison Litigation Reform Act ("PLRA"), which are
not applicable to habeas corpus petitions."    *Harris v. United States*, No. 3:18-CV-510-DPJ-
FKB, 2018 WL 10810005, at *1 n.1 (S.D. Miss. Nov. 30, 2018).    The filing fee for a non-habeas
corpus case totals $405.00, and "[a] prisoner is obligated to submit payments from his prison
account until the total filing fee is paid."    *Id*. (citing 28 U.S.C. § 1915(b)).    The PLRA also
"prohibits a prisoner from proceeding without pre-payment of the filing fee if he has had three
actions or appeals dismissed as frivolous, malicious, or for failure to state a claim."    *Id*. (citing 28

IV.    Conclusion

Swindle's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 based on

Grounds One and Two are properly construed as arising under § 2255.   Because Swindle does

not meet the saving clause, those Grounds are dismissed with prejudice for lack of jurisdiction.

As for Ground Three, Swindle's claim that he was physically assaulted by another inmate

is not habeas in nature, and Swindle cannot pursue that claim in this § 2241 habeas petition.

Swindle's conditions-of-confinement claim presented in Ground Three is dismissed without

prejudice.   Because this case is dismissed, Swindle's other pending motions will be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that pro se Petitioner Adam Shane

Swindle's Petition for a Writ of Habeas Corpus under 28 U.S.C.§ 2241 [1] is dismissed with

prejudice as to the jurisdictional issues and without prejudice in all other respects.

A separate final judgment will be entered pursuant to Federal Rules of Civil Procedure

58.

**SO ORDERED AND ADJUDGED** this the 7th day of October, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

U.S.C. § 1915(g)).